9804

KOHN v. STORK *ET AL.*

(93 S. E. 390.)

1. Election of Remedies—Alternative Remedies.—Under a note showing upon its face to have been given as additional security without in any wise prejudicing other or further securities or remedies, plaintiff was entitled to pursue all his remedies until he obtains satisfaction of the entire amount due.

2. Bills and Notes—General Denial—Sufficiency. — The general denial of the allegations of the note raised no issue as to the note or the consideration therefor where it was qualified by the words "except those hereinafter * * * admitted," and the execution of the note was thereafter admitted.

3. Pleading—Judgment on Pleading.—The defendants having admitted by answer the execution of the note and the sworn fact that it was given for a valuable consideration and that nothing had been paid not having been disputed, there was no issue left for trial.

Before Sʜɪᴘᴘ, J., Columbia, October, 1916. Affirmed.

Action by August Kohn against Martin Stork and others. From an order striking out their answer as sham and irrelevant, defendants appeal.

*Mr. Henry F. Jennings,* for appellants, cites: *As to sufficiency of answer:* 9 S. C. 438; 97 S. C. 389; 10 S. C. 513; 100 S. C. 196.

*Messrs. Melton & Belser,* for respondent, cite: *As to consideration for note:* Neg. Inst. Law, 28 Stat., p. 672, sec. 24; Daniel's Neg. Insta. Law (6th ed.), sec. 161; Bryant's Code Pl., sec. 177. *Plea of payment:* 51 Neb. 557; 71 N. W. 307; 71 N. W. 67; 130 N. Y. 504; 29 N. E. 988; 10 S. C. 439; 20 S. C. 521; 50 S. C. 181; 85 S. C. 421, 422. *Alleged failure of consideration:* 8 Cyc. 254. *Limited liability:* 85 S. C. 21; Neg. Inst. Law, sec. 60. *Sham answers:* 100 S. C. 199; Code Civ. Proc. 202.

September 5, 1917.

The opinion of the Court was delivered by Mʀ. Jᴜsᴛɪᴄᴇ Hʏᴅʀɪᴄᴋ.

Defendants appeal from an order striking out their answers as sham and irrelevant.

The material allegations of the complaint are that, for value, defendants made their promissory note, dated December 21, 1914, and thereby promised to pay to the order of plaintiff $823.61, on January 1, 1915, and that no part thereof has been paid.

Martin and Abram Stork filed separate answers, the first paragraph of each being: "That he denies each and every allegation of the complaint, except those hereinafter specifically admitted."

Each of them, then, admits the execution of a note to plaintiff "as alleged in the complaint."

In his further answer Martin Stork alleges that, in the purchase of some real estate, he assumed the payment of certain bonds secured by mortgages thereon of which plaintiff was the owner; that the interest accrued and accruing thereon to January 1, 1915, and certain premiums of insurance paid by plaintiff, under the terms of said bonds and mortgages, amounted to the sum for which the note sued on was given in payment; that the entire indebtedness represented by the note was covered by the penalties of the bonds and the terms of the mortgages held by plaintiff; that thereafter plaintiff sued on said bonds and for foreclosure of said mortgages, and, as to the portion of the indebtedness covered by them and represented by the note, plaintiff elected to rely on the bonds and mortgages for the collection thereof, and included the same in the amount for which judgment was taken against him, and that said election makes the indebtedness represented by the note sued on *res adjudicata;* that such election amounts to failure of consideration of the note.

In his further answer Abram Stork alleges that he purchased a lot from Martin Stork on which there was a bond and mortgage, one of those owned by plaintiff, the interest on which accrued and accruing to January 1, 1915, and some fire insurance premiums paid by plaintiff, under the terms of said bond and mortgage, were including said note, and the amount thereof is the extent of his personal liability on said note, and that plaintiff thereafter brought suit on said bond and for the foreclosure of said mortgage against him and ignored the payment of interest and insurance premiums made by the note, and included same in the judgment of foreclosure, and, therefore, said amount is *res adjudicata,* and that plaintiff's election to include said amount in said judgment worked failure of consideration of said note to

7—108.

that extent in favor, not only of himself, but of his code-fendants.

G. R. Stork and Fritz Stork filed a joint answer as follows:

"(1) That they 'deny each and every allegation of the complaint, except that they signed a joint note with Martin Stork and Abram Stork, and that they except also the terms of said note saving that the same was for value, as alleged in the verified complaint, but this they do from information derived from the verified complaint.

"Further answering, defendants say: (1) That they have read the answers of the defendants, Martin Stork and Abram Stork; that further than the information contained in said verified answers they are not acquainted with the facts of this case; that they ask that their liability be determined according to the said answers."

In support of his motion to strike out the answers, plaintiff filed his affidavit in which a copy of the note sued on and signed by defendants is set out as follows:

$823.61.   Columbia, S. C., Dec. 21, 1914.   "Whereas, The undersigned, Martin Stork, is indebted unto August Kohn in the sum of eight hundred and twenty-three and 61-100 dollars ($823.61), on account of interest on certain bonds secured by mortgage of real estate and premiums of insurance paid by said August Kohn on policies of fire insurance covering the buildings on certain of the premises covered by said mortgages, and for the payment to the said August Kohn of said sum of eight hundred and twenty-three and 61-100 dollars ($823.61), the said Martin Stork is desirous of giving and affording additional security without in any wise prejudicing such other or further securities or remedies as the said August Kohn may now have or may hereafter acquire therefor:

"Now, therefore, on the 1st day of January, 1915, we, or either of us, promise to pay to the order of August Kohn the sum of eight hundred and twenty-three and 61-100 dollars

($823.61), value received payable at the National Loan & Exchange Bank of Columbia, with interest after maturity until paid, payable quarterly, at the rate of seven per centum per annum, together with all costs of collection, including ten per cent. as attorney's fees, if not paid when due."

Plaintiff further swore that the consideration of the note was his forbearance to sue Martin Stork on the obligations therein mentioned which were then past due, and that no part of the amount due on the note had been paid or collected under the judgments referred to in the answers of Martin and Abram Stork, although part of the interest and insurance premiums included in the note had also been included in said judgments, but that no money had been collected under the judgments which was applicable to the note, as would appear by reference to the judgments, which were in evidence.

The facts sworn to by plaintiff were not disputed by defendants or either of them. Upon the undisputed facts, there was nothing else for the Court to do but strike out the answers and give judgment against defendants for the amount due on the note, which appears upon its face to have been given as "additional security without in any wise prejudicing such other or further securities or remedies as the said August Kohn may now have or may hereafter acquire therefor." Of course, plaintiff can have but one satisfaction, but under the law and the express agreement of the parties he was entitled to pursue all of his remedies until he obtained satisfaction of the entire amount due him.

Even technically, the general denial of the allegations of the complaint raises no issue as to the note, or the consideration thereof, for it is qualified by the words "except those hereinafter * * * admitted," and the execution of the note is thereafter admitted "as alleged in the complaint."

So, the execution of the note having been admitted, and the sworn fact that it was given for valuable consideration, and that nothing had been paid on it having been undisputed in any way, there was no issue left for trial by Court or jury.

Judgment affirmed.